UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GINGER COTTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| LSB INDUSTRIAL, INC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Ginger Cotten ("Cotten"), by counsel, brings this action against Defendant, LSB Industrial, Inc. ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.* and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADA").

**II. PARTIES**

2. Cotten is a resident of Parke County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117.

5. Defendant is an "employer," as that term is defined by 42 U.S.C. §2000e(b) and 42 U.S.C. § 12111(5)(A).

6. Cotten was an "employee," as that term is defined by 42 U.S.C. §2000e(f) and 42 U.S.C.§ 12111(4),

7. At all relevant times, Cotten was associated with an individual with a "disability," as that term is defined under 42 U.S.C.§ 12102. The defendant was aware of Cotten's association with a disabled individual, and/or the Defendant had a written record of Cotten's association with a disabled individual.

8. Cotten satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No.470-2024-01473) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant alleging discrimination based on her race, sex, and disability. Cotten received the required Notice of Right to Sue on June 21, 2024, and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Cotten is a Black, female-identifying individual who is associated with individuals who suffer from disabilities as defined by the ADA.

11. On or around January 9, 2023, Cotten began working for Defendant as a Field Administrator Assistant.

12. At all relevant times, Cotten met or exceeded Defendant's legitimate performance expectations. Specifically, throughout her employment, Cotten never received any negative feedback regarding her job performance.

13. Cotten's Caucasian male-identifying ex-husband, Tim Cotten ("Tim"), is known to the Defendant as a former employee of the Defendant. At all relevant times, Tim suffered from a disability. Specifically, Tim suffers from a substance abuse disorder. When his disability is triggered or flares, he is wholly incapable of taking care of himself or performing any other major life activity and requires Cotten to act as a caretaker.

14. Cotten is also the caretaker for her disabled child which requires her to attend appointments and request leave for the child's care. Defendant was aware of both Tim and her child's disability and/or regarded them as disabled individuals and/or has a written record of their disability. Defendant was aware of Cotten's association with these two disabled individuals.

15. Throughout Cotten's employment with Defendant, she was treated less favorably than similarly situated individuals outside her protected classes and faced

higher levels of scrutiny than her peers that were Caucasian and/or not associated with an individual with a disability.

16.     In or around July 2023, Defendant sent Cotten home from work and stated, "There's no work for you here," yet had a male-identifying employee perform the same job duties. The Defendant treated her male co-worker more favorably because of his gender.

17.     Tim, as a result of his substance abuse disorder, failed multiple drug tests administered through the Defendant. He received no disciplinary action from the Defendant for failing the drug tests or for incidents where Tim threatened other employees with physical violence. Defendant even coached Tim for success by advising him to be more careful, stating, "We have HR now," and "Well, if a man disrespects you, you gotta do what you gotta do." The Defendant treated her co-worker more favorably because he is a Caucasian male.

18.     In or around July 2023, Cotten replaced Megan Boruf ("Boruf"), a Caucasian individual and Current or Former Office Manager for the Defendant, as Field Administrator Assistant ("FAA"). When Boruf was in the FAA position, she was constantly late and left early every day, but she never received disciplinary action from Defendant. Instead, Defendant rewarded her conduct by promoting her to Office Manager.

19.     In or around October 2023, Defendant sent Cotten home to "take care of [her] husband because he was not doing very well" due to issues related to his drug addiction. Again in early November of 2023, Defendant sent Cotten home, stating that

4

they "needed Tim to be okay", that they were amenable to Cotten leaving work to care for Tim, and that Cotten's attendance was not an issue. The Defendant's requests prioritized the need for the male employee, Tim, at the expense of Cotten as his caretaker.

20. On Nobember 5, 2023, Cotten requested to take her child to work with her so that she could take him to an appointment for his medical needs later in the day. Shortly therafter, the Defendant's manager, Sabrina Tillson ("Tillson") sent Cotten home for bringing in her son. Numerous other employees brought their children into work with little issue, including Jay Brown, and Matt Greaves.

21. On or around November 8, 2023, Defendant terminated Cotten's employment. Despite pressuring Cotten to take time off to care for Tim, the Defendant vaguely cited issues with her performance and reliability as the reasoning behind her termination.

22. Similarly situated individuals outside of Cotten's protected class(es) had similar or worse performance and attendance but were not held to the same standard. These individuals include but are not limited to: (1) Gavin Klinkose ("Klinkose"), a male-identifying individual who missed a day of work every week but received no remedial action. (2) Lindon Dorn ("Dorn"), a male-identifying individual who missed several days of work, was terminated for excessive absences but was subsequently rehired and placed on a new project. (3) Tim, a Caucasian male-identifying individual who missed two weeks of work because he could not find reliable transportation but was not terminated.

23. Defendant's stated reason for Cotten's termination is pretext for discrimination.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII – SEX DISCRIMINATION

24. Cotten hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint as if the same were set forth at length herein.

25. Cotten is a female-identifying individual.

26. Defendant discriminated against, subjected Cotten to disparate treatment and terms of employment, and terminated her employment on the basis of her sex.

27. Defendant's actions were intentional, willful, and taken in reckless disregard of Cotten's rights as protected by Title VII.

28. Cotten has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII – RACE DISCRIMINATION

29. Cotten hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

30. Cotten is a Black Individual.

31. Defendant discriminated against, subjected Cotten to disparate treatment and terms of employment, and terminated her employment on the basis of her race.

32. Defendant's actions were intentional, willful, and taken in reckless disregard of Cotten's rights as protected by Title VII.

33. Cotten has suffered damages as a result of Defendant's unlawful actions.


## COUNT III: ADA - DISABILITY DISCRIMINATION BY ASSOCIATION

34. Cotten hereby incorporates paragraphs one (1) through thirty--three (33) of her Complaint as if the same were set forth at length herein.

34. Cotten is associated with two (2) disabled individuals. Defendant was aware of Tim and her child's disability and/or regarded them as disabled individuals and/or has a written record of their disability. The defendant is aware of Cotten's association with disabled individuals.

35. Defendant discriminated against, subjected Cotten to disparate treatment and terms of employment, and terminated her employment on the basis of her association with disabled individuals.

36. Defendant's actions were intentional, willful, and taken in reckless disregard of Cotten's rights as protected by ADA.

37. Cotten has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Ginger Cotten, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their race, sex, or association with a disabled individual;

2. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of Title VII and the ADA;

6. Award Plaintiff punitive damages for Defendants' violations of Title VII and the ADA;

7. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

9. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Sarah E. Guffey*
Sarah E. Guffey
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: sguffey@bdlegal.com
ad@bdlegal.com

*Counsel for Plaintiff, Ginger Cotten*

## DEMAND FOR JURY TRIAL

Plaintiff, Ginger Cotten, by counsel, requests a trial by jury on all issues deemed so triable.

          Respectfully submitted,

          BIESECKER DUTKANYCH & MACER, LLC
          By: */s/ Sarah E. Guffey*_____
          Sarah E. Guffey
          Andrew Dutkanych
          144 North Delaware Street
          Indianapolis, IN 46204
          Telephone: (317) 991 - 4765
          Email:  sguffey@bdlegal.com
                  ad@bdlegal.com

*Counsel for Plaintiff, Ginger Cotten*